WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos Cullens; et al., | No. CV 21-00273 TUC-LAB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson; et al., | |
| Defendants. | |

This order has been prepared for the signature of the designee of the Chief United States District Judge pursuant to General Order 18-20.

On July 12, 2021, the plaintiff, Carlos Cullens, filed a complaint and an application to proceed *in forma pauperis*. (Doc. 1); (Doc. 2)  On August 12, 2021, the court issued an order granting the motion to proceed *in forma pauperis* but dismissing the complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 11)  The complaint did not state a claim upon which relief can be granted. *Id*.  Neither did it comply with Fed.R.Civ.P. 8 and 10. *Id*.

The court explained that if Cullens intended to file an amended complaint, he must

do so by September 2, 2021.  (Doc. 11)  Cullens was warned that if he failed to file a timely amendment, this action could be dismissed without further notice.  *Id*.

On September 8, 2021, Cullens filed an amended complaint.  (Doc. 12)  The amended complaint, however, fails to state a claim upon which relief can be granted.  Neither does it comply with the Fed.R.Civ.P. 8 and 10.

As the court explained in its screening order, FED.R.CIV.P 8(a) describes the construction of the complaint and reads in pertinent part as follows:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Doc. 11)  Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct."  FED.R.CIV.P.  Rule 10 explains that each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED.R.CIV.P. 10(b).

The amended complaint is wordy and confusing.  (Doc. 12)  It does not contain a "short and plain statement of the grounds for the court's jurisdiction."  FED.R.CIV.P 8(a).

It does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. It is mostly a jumble of legal phrases, case citations, and invectives.

In its most lucid section, the amended complaint alleges that when Cullens's wife gave birth at Tucson Medical Hospital, Dr. Gayle Dean arranged for Cullens and his wife to be "held confined in small after birthing room for almost appeared 2 weeks, without being able to leave hospital trapped by security guards who blocked the door with there [sic] bodies and would not allow us the freedoms to walk around hospital while being detained pending CPS DSC arrival to inspect the worthiness of being released from confinement." (Doc. 12, pp. 4-5) (punctuation modified)  This section might be alleging a violation of civil rights under color of law pursuant to 42 U.S.C. § 1983.  The alleged violation, however, occurred on, or about, October 29, 2012.  (Doc. 12, p. 4)  And in Arizona there is a two-year limitations period for section 1983 claims. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  These allegations do not state a claim upon which relief can be granted.  Accordingly, this action will be dismissed.  28 U.S.C. § 1915(e)(2)(B).

Previously, on August 3, 2021, Cullens filed a "Motion for Issuance of Subpoena Duces Tecum and Ad Testificandum." (Doc. 8)  It will be denied as moot.

On October 18, 2021, Cullens filed a Motion for Reconsideration.  (Doc. 13)  The motion is wordy and confusing.  It appears that Cullens appeared before a "Judge Haley" in another venue and received an adverse ruling.  Apparently, he seeks "reconsideration" of that judge's decision.  This court has no jurisdiction over that matter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS ORDERED as follows:

This action is DISMISSED.  The Clerk is instructed to close this case.

The plaintiff's motion for issuance of subpoena, filed on August 3, 2021, is DENIED as MOOT.  (Doc. 8)

The plaintiff's motion for reconsideration, filed on October 18, 2021, is DENIED. (Doc. 13)

Dated this 10th day of November, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge